**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. :      15-cv-01812                    )
                                                       )
SPRINT COMMUNICATIONS COMPANY L.P.,                    )
                                                       )
         Plaintiff,                                    )
v.                                                     )
AT&T CORP.,                                            )
                                                       )
         Defendant                                     )

**COMPLAINT WITH JURY DEMAND**

Plaintiff Sprint Communications Company L.P. ("Sprint") by and through its attorneys

brings this Complaint against AT&T Corporation ("AT&T") as follows:

**INTRODUCTION**

1.      This lawsuit concerns AT&T's breach of Sprint's interstate and intrastate access

service tariffs by failing to pay Sprint's tariffed charges for the originating and terminating

switched access services that it has provided to AT&T.

2.      Sprint seeks payment of the billed access charges, coupled with late payment

charges and interest in accordance with the terms of its access tariffs.

**PARTIES**

3.      Sprint is a Delaware limited partnership.  Sprint's general and limited partners

and their place of incorporation are as follows:  US Telcom, Inc. is a Kansas corporation with its

principal place of business in Kansas; UCOM, Inc. is a Missouri Corporation with its principal

place of business in Kansas; Utelcom, Inc. is a Kansas Corporation with its principal place of

business in Kansas; and, Sprint International Communications Corporation is a Delaware

corporation with its principal place of business in Kansas.  At all times relevant, Sprint is and has been qualified and registered to do business as a competitive local exchange carrier in each state throughout the country.

4.     Defendant AT&T Corp. is a New York corporation that for the traffic at issue is a long distance telephone company, also known as an interexchange carrier or "IXC".  AT&T Corp. has its principal place of business in Bedminster, New Jersey.

## JURISDICTION AND VENUE

5.     This Court has personal jurisdiction over the Defendant because it conducts or has conducted continuous, systematic and routine business within the state of Colorado.  AT&T has failed to pay Sprint's switched access charges that Sprint has billed to AT&T for calls that include calls originated and/or terminated in multiple states, including the state of Colorado, and billed from Sprint's intrastate access tariffs including Sprint's Colorado access tariff.  AT&T therefore caused injury within the state.

6.     For Sprint's claim to collect *interstate* switched access charges authorized by, billed, and owing to Sprint under its access tariff on file with the Federal Communications Commission ("FCC"), this Court has original jurisdiction over the parties pursuant to 28 U.S.C. § 1331, federal question jurisdiction.

7.     For Sprint's claim to collect *intrastate* switched access charges authorized by, billed, and owing to Sprint under its access tariffs on file with the state public utilities commissions, including but not limited to the Colorado Public Utilities Commission, this Court has original jurisdiction over the parties pursuant to 28 U.S.C. § 1332, diversity jurisdiction,

because the parties are diverse in citizenship and the amount in controversy on the unpaid charges exceeds $75,000.

8. The Court also has supplemental jurisdiction over the pendent state law claim regarding the intrastate charges pursuant to 28 U.S.C. § 1367(a).

9. Venue is proper in this judicial district under 28 U.S.C. § 1391. AT&T has conducted and continues to conduct business in one or more counties located in the District of Colorado, is subject to personal jurisdiction in this District, and therefore resides in this District within the meaning of 28 U.S.C. § 1391(b) and (c).

10. Venue is also proper in this judicial district under 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claims alleged herein occurred in counties located in this District.

**SPRINT'S TARIFFED SWITCHED ACCESS SERVICES AND AT&T'S FAILURE TO PAY THE ASSOCIATED TARIFFED CHARGES**

11. Sprint is a competitive local exchange carrier ("CLEC") that provides a service known as switched access service to long distance telephone carriers such as AT&T. Sprint competes with incumbent local exchange carriers ("ILECs") for customers in the local telephone services market.

12. Switched access services are regulated by the FCC and by state public utility commissions for each state. However, the FCC and many state commissions do not have jurisdiction to adjudicate lawsuits to collect unpaid charges from customers, such as exists in this action.

13. At all relevant times, Sprint has had an interstate access tariff duly on file with the FCC. The interstate tariff contains Sprint's rates, terms and conditions for interstate switched

access services, and under federal law (47 U.S.C. § 204) the tariff is deemed lawful.  Under federal laws including the filed rate doctrine (47 U.S.C. § 203), the tariff is the contract and law between Sprint and purchasers of those services, including AT&T.

14.     At all relevant times, Sprint has had intrastate access tariffs duly on file with the respective state public utility commissions, including the Colorado Public Utilities Commission. The intrastate tariffs contain Sprint's rates, terms and conditions for intrastate switched access services within the respective states.  Under state laws including each state's filed rate doctrine, these tariffs are also the contract and law between Sprint and purchasers of those services, including AT&T.

15.     Pursuant to the interstate and intrastate tariffs, Sprint provided originating and terminating switched access services to AT&T.

16.     The tariffs require AT&T to pay the rates stated in the tariffs for those services. Payment is due monthly.  At all relevant times, Sprint has invoiced AT&T monthly at the tariffs' rates for the access services it provided to AT&T pursuant to the tariffs.

17.     FCC rules state that "a local exchange carrier shall be entitled to assess and collect the full Access … Compensation charges … that are set forth in a local exchange carrier's interstate or intrastate tariff for the access services … regardless of whether the local exchange carrier itself delivers such traffic to the called party's premises or delivers the call to the called party's premises via contractual or other arrangements with an affiliated or unaffiliated provider of interconnected VoIP service … that does not itself seek to collect Access … Compensation charges." 47 C.F.R § 51.913(b).

18.     From approximately September 2013 through January 2014, AT&T failed and has refused to pay Sprint's access charges invoiced during that time frame.  The tariffs also provide for the accrual of late payment charges.  Sprint has invoiced AT&T for both the unpaid usage charges and the late payment fees associated with those unpaid charges.  AT&T has failed and refused to pay these usage charges and late fees.  Beginning with the invoices issued in February 2014, AT&T began to pay Sprint for its invoiced access charges again.

19.     AT&T informed Sprint that it withheld payment on these invoices because Sprint, in its capacity as a CLEC, originated and terminated calls on behalf of various cable companies across the United States.  These cable companies have facilities connecting to the end user customers, and originate or terminate telephone calls to end users in voice over Internet Protocol ("VoIP") format, and thus provide interconnected VoIP service.

20.     Sprint alone bills AT&T for the access services associated with such calls.  The cable companies do not assess access charges to AT&T.

21.     Rule 51.913(b) has been in effect for the duration of Sprint's unpaid invoices with AT&T.

22.     Sprint has made plain to AT&T that its billing of access charges is authorized under plain FCC rules and decisions.  Despite Sprint's attempts to resolve the dispute short of litigation, AT&T has refused to pay the outstanding charges.

23.     AT&T has refused to pay millions of dollars of billed access charges.  Sprint's damages are ongoing and continue to increase because late payment charges continue to accrue.

## COUNT I
### (Breach of Contract/Interstate Access Tariff)

24.     Sprint repeats and realleges each and every allegation set forth above, and incorporates them by reference as though fully set forth herein.

25.     Sprint has provided originating and terminating interstate switched access services to AT&T pursuant to its interstate access tariff and invoiced AT&T monthly for those services at the rates provided in the tariff.

26.     For several months beginning in September 2013, AT&T breached Sprint's interstate access tariff by not paying Sprint's invoiced charges.

27.     As a direct and proximate result of AT&T's conduct as alleged above, Sprint has been damaged in an amount to be proven at trial, including the unpaid usage charges, late payment fees and interest as set forth in the interstate tariff.

## COUNT II
### (Breach of Contract/Intrastate Access Tariffs)

28.     Sprint repeats and realleges each and every allegation set forth above, and incorporates them by reference as though fully set forth herein.

29.     Sprint has provided originating and terminating intrastate switched access services to AT&T pursuant to its intrastate tariffs, including its Colorado access tariff, and invoiced AT&T monthly for those services at the rates provided in the tariffs.

30.     For several months beginning in September 2013, AT&T breached Sprint's intrastate access tariffs by not paying Sprint's invoiced charges.

31.     As a direct and proximate result of AT&T's conduct as alleged above, Sprint has been damaged in an amount to be proven at trial, including the unpaid usage charges and late payment fees and interest.

## PRAYER FOR RELIEF

**WHEREFORE,** for the reasons stated above, Sprint Communications Company L.P. respectfully requests that judgment be entered for Sprint Communications Company L.P. on each and all of its claims, with appropriate damages and interest, attorneys' fees and costs and such other and further relief as the Court may deem just and equitable under the circumstances.

## JURY DEMAND

Sprint respectfully demands a jury trial on all issues so triable.

Signed this 21st day of August, 2015.

Respectfully submitted,

*s/Charles W. Steese*

By:    _____

Charles W. Steese
Sandra L. Potter
**ARMSTRONG TEASDALE LLP**
4643 South Ulster Street, Suite 800
Denver, Colorado 80237
Telephone:    720.200.0676
Facsimile:    720.200.0679
Email: csteese@armstrongteasdale.com
        spotter@armstrongteasdale.com

Attorneys for Plaintiff SPRINT COMMUNICATIONS
COMPANY L.P.,